**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**MONTE ALBERT,**

***Plaintiffs*,**

**v.** **Case No. 5:25-CV-1677-JKP**

**UNITED STATES DEPARTMENT OF DEFENSE, et al.,**

***Defendants.***

# ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge (ECF No. 38), wherein the assigned Magistrate Judge recommends that the undersigned grant a Motion to Dismiss (ECF No. 20) filed by Defendants. Pursuant to Fed. R. Civ. P. 12(b)(1) or alternatively, Fed. R. Civ. P. 12(b)(6) Defendants contend that Plaintiff has not exhausted his administrative remedies. The Magistrate Judge considered the response (ECF No. 21) and reply (ECF No. 22) but declined to consider a sur-reply that Plaintiff filed without leave of court. Based on the law set out in the R&R, the Magistrate Judge agreed that Plaintiff had failed to exhaust his administrative remedies. It notified the parties of their right to object. No party has filed any objection to the R&R, and the time for doing so has expired.

Any party who seeks review of all or a portion of an R&R must serve and file specific written objections within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). If a party does not timely object, the District Court may review the unobjected-to proposed findings and recommendations to determine whether they are clearly erroneous or contrary to law. *Johnson v. Sw. Research Inst.*, 210 F. Supp.3d 863, 864 (W.D. Tex.

2016) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).[1]

Consistent with § 636(b)(1)(C) and Rule 72(b)(2), the Court has reviewed the subject R&R for clear error on the face of the record. The Court finds no such error. Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation (ECF No. 38). As recommended, the Court **GRANTS** the Motion to Dismiss (ECF No. 20) and **DISMISSES** Plaintiff's claims without prejudice for his failure to exhaust administrative remedies. Given the nature of the motion, the Court need not determine whether a failure to exhaust is jurisdictional. Whether the Court dismisses this case under Fed. R. Civ. P. 12(b)(1) or 12(b)(6), the result is the same—dismissal without prejudice. *Compare Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 396 (5th Cir. 2024) ("Ordinarily, when a complaint is dismissed for lack of jurisdiction . . . it should be without prejudice.") *with Stroy v. Gibson ex rel. Dep't of Veterans Affs.*, 896 F.3d 693, 698 n.2 (5th Cir. 2018) ("When a district court dismisses a claim for failure to exhaust under Federal Rule of Civil Procedure 12(b)(6), the dismissal is without prejudice."). By separate filing, the Court will enter final judgment dismissing this action without prejudice.

**It is so ORDERED this 2nd day of November 2026.**

Jason Pulliam

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**

[1] While Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that were ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Wilson*, 864 F.2d at 1221.